**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X
:
STRIKE 3 HOLDINGS, LLC,                     :
                                            :   Case No. 1:25-cv-01274-VMS
                         Plaintiff,         :
                                            :
              vs.                           :
                                            :
JOHN DOE subscriber assigned IP address     :
100.37.254.205,                             :
                                            :
                         Defendant.         :
-----------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

# **TABLE OF CONTENTS**

I. FACTUAL BACKGROUND ........................................................................................... 1

II. LEGAL ARGUMENT .................................................................................................... 2

    A. Standard Governing Expedited Discovery Requests To Identify An Anonymous Defendant. ................................................................................................................... 2

        1. Plaintiff States A *Prima Facie* Claim of Copyright Infringement. ......................... 5

        2. Plaintiff's Discovery Request is for Specific Information. .................................... 7

        3. There Are No "Alternative Means" to Uncover Doe's True Identity. .................... 8

        4. There is a Central Need for the Subpoenaed Information. .................................... 9

        5. Doe's Minimal Privacy Interest Is Substantially Outweighed by Plaintiff's Interest in Protecting Its Copyrights. ...................................................................... 9

        6. Plaintiff's Diligence, the Proportionality of the Request, and the Timing of this Motion Weigh in Favor of Granting Early Discovery ......................................... 10

    B. Protective Order ........................................................................................................ 11

III. CONCLUSION ............................................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**

*A&M Records, Inc. v. Napster, Inc.*,
  239 F.3d 1004 (9th Cir. 2001) .................................................................................................. 7

*Apicella v. McNeil Labs., Inc.*,
  66 F.R.D. 78 (E.D.N.Y. 1975) .................................................................................................. 3

*Arista Records LLC v. Doe*,
  604 F.3d 110 (2d Cir. 2010) ............................................................................................ 4, 6, 7

*Barrow v. Wethersfield Police Dep't*,
  66 F.3d 466 (2d Cir. 1995) ...................................................................................................... 6

*BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*,
  881 F.3d 293 (4th Cir. 2018) ................................................................................................... 8

*Call of the Wild Movie, LLC v. Does 1-1,062*,
  770 F. Supp. 2d 332 (D.D.C. 2011) ........................................................................................ 8

*Canales v. ACP Facility Servs., Inc.*,
  No. 17-6937, 2019 WL 1171479 (E.D.N.Y. Mar. 13, 2019) ................................................... 6

*Cobbler Nevada LLC v. Gonzalez*,
  901 F.3d 1142 (9th Cir. 2018) ................................................................................................. 3

*Comfort Inn Oceanside v. Hertz Corp.*,
  No. 11-1534, 2011 WL 5238658 (E.D.N.Y. Nov. 1, 2011) ..................................................... 6

*CSC Holdings, Inc. v. Redisi*,
  309 F.3d 988 (7th Cir. 2002) ................................................................................................ 10

*Davis v. Kelly*,
  160 F.3d 917 (2d Cir. 1998) .................................................................................................... 6

*Digital Sin, Inc. v. Does 1-176*,
  279 F.R.D. 239 (S.D.N.Y. 2012) ............................................................................................. 2

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
  499 U.S. 340 (1991) ................................................................................................................ 5

*Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*,
  586 U.S. 296 (2019) ................................................................................................................ 6

*Glacier Films (USA), Inc. v. Turchin*,
  896 F.3d 1033 (9th Cir. 2018) ................................................................................................. 3

*In re 650 Fifth Ave. & Related Properties*,
  934 F.3d 147 (2d Cir. 2019) .................................................................................................... 3

*In re Agent Orange Prod. Liab. Litig.*,
  517 F.3d 76 (2d Cir. 2008) ...................................................................................................... 3

*In re Murphy*,
  482 Fed. Appx. 624 (2d Cir. 2012) .......................................................................................... 2

*John Wiley & Sons, Inc. v. Doe Nos. 1-30*,
   284 F.R.D. 185 (S.D.N.Y. 2012).................................................................................... 7, 8

*Long Island Lighting Co. v. Barbash*,
   779 F.2d 793 (2d Cir. 1985)............................................................................................... 3

*Malibu Media, LLC v. Doe*,
   No. 12-2950, 2012 WL 5987854 (S.D.N.Y. Nov. 30, 2012) ...................................... 10

*Malibu Media, LLC v. Doe*,
   No. 13-365, 2014 WL 7188822 (D. Md. Dec. 16, 2014)............................................... 3

*Malibu Media, LLC v. Doe*,
   No. 14-4808, 2016 WL 4574677 (E.D.N.Y. Sept. 1, 2016)......................................... 7

*Malibu Media, LLC v. Doe*,
   No. 15-3147, 2016 WL 5478433 (S.D.N.Y. Sept. 29, 2016)........................................ 4

*Malibu Media, LLC v. Doe*,
   No. 15-3504, 2016 WL 4444799 (E.D.N.Y. Aug. 23, 2016)................................. 9, 10

*Malibu Media, LLC v. Doe*,
   No. 18-766, 2018 WL 2386068 (D. Conn. May 25, 2018).......................................... 7

*Next Phase Distribution, Inc. v. John Does 1-27*,
   284 F.R.D. 165 (S.D.N.Y. 2012)....................................................................................... 8

*Sohm v. Scholastic Inc.*,
   959 F.3d 39 (2d Cir. 2020) ............................................................................................... 5

*Sony Music Entm't, Inc. v. Does 1-40*,
   326 F. Supp. 2d 556 (S.D.N.Y. 2004)......................................................................... 4, 9

*Strike 3 Holdings, LLC v. Doe*,
   329 F.R.D. 518 (S.D.N.Y. 2019)...................................................................................... 7

*Strike 3 Holdings, LLC v. Doe*,
   330 F.R.D. 552 (D. Minn. 2019)...................................................................................... 9

*Strike 3 Holdings, LLC v. Doe*,
   351 F. Supp. 3d 160 (D.D.C. 2018) ................................................................................ 2

*Strike 3 Holdings, LLC v. Doe*,
   964 F.3d 1203 (D.C. Cir. 2020) .................................................................................. 2, 4

*Strike 3 Holdings, LLC v. Doe*,
   No. 18-01490, 2019 WL 5084520 (W.D.N.Y. Jan. 28, 2019).................................. 10

*Strike 3 Holdings, LLC v. Doe*,
   No. 18-12585, 2020 WL 3567282 (D.N.J. June 30, 2020) ............................. 5, 7, 10

*Strike 3 Holdings, LLC v. Doe*,
   No. 18-16593, 2019 WL 4745360 (D.N.J. Sept. 30, 2019) ........................................ 9

*Strike 3 Holdings, LLC v. Doe*,
   No. 18-2637, 2019 WL 935390 (E.D. Cal. Feb. 26, 2019).......................................... 3

*Strike 3 Holdings, LLC v. Doe*,
   No. 18-2648, 2019 WL 78987 (S.D.N.Y. Jan. 2, 2019)............................................ 4, 8

*Strike 3 Holdings, LLC v. Doe*,
 No. 18-569, 2018 WL 4109394 (W.D.N.Y. Aug. 28, 2018) ...................................................... 8
*Strike 3 Holdings, LLC v. Doe*,
 No. 19-02552, 2019 WL 4855039 (S.D.N.Y. Oct. 2, 2019) ...................................................... 9
*Strike 3 Holdings, LLC v. Doe*,
 No. 19-5818, 2019 WL 5459693 (S.D.N.Y. Oct. 9, 2019) ........................................................ 5
*Strike 3 Holdings, LLC v. Doe*,
 No. 19-945, 2019 WL 4752094 (E.D.N.Y. Sept. 30, 2019) ...................................................... 4
*Strike 3 Holdings, LLC v. Doe*,
 No. 20-4501, 2021 WL 535218 (E.D.N.Y. Feb. 12, 2021) ................................................. 5, 10
*Strike 3 Holdings, LLC v. Doe*,
 No. 20-5123, 2020 WL 6342770 (E.D. Pa. Oct. 29, 2020) ....................................................... 5
*UN4 Prods., Inc. v. Doe*,
 No. 17-3278, 2017 WL 2589328 (E.D.N.Y. June 14, 2017) ......................................... 4, 8, 9, 10
*Valentin v. Dinkins*,
 121 F.3d 72 (2d Cir. 1997) ..................................................................................................... 2, 6
*W. Coast Prods., Inc. v. Does 1-1,434*,
 No. 11-55, 2012 WL 10132002 (D.D.C. Aug. 6, 2012). ........................................................... 9
*Watson v. City of Kingston*,
 No. 15-1356, 2016 WL 11605147 (N.D.N.Y. Dec. 27, 2016) .................................................. 6

**Statutes**

17 U.S.C. § 106 ............................................................................................................................ 6, 7
17 U.S.C. § 410 ................................................................................................................................. 6
47 U.S.C. § 522 ................................................................................................................................. 8
47 U.S.C. § 551 ........................................................................................................................ *passim*

**Rules**

Fed. R. Civ. P. 26 .......................................................................................................................... 1, 4

v

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

Plaintiff Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff") hereby respectfully submits this Memorandum of Law in support of its Motion for Leave to serve a third-party subpoena prior to a Rule 26(f) conference, pursuant to Federal Rule of Civil Procedure 26(d)(1).

**I.     FACTUAL BACKGROUND**

Plaintiff is part of a creative enterprise that produces the intellectual property associated with the *Blacked*, *Blacked Raw*, *MILFY*, *Slayed*, *Tushy*, *Tushy Raw*, and *Vixen* adult brands (the "Brands") and owns the copyrights to each of the motion pictures distributed through the Brands' sites. *See* Declaration of Jorge Arco, ¶ 14, attached hereto as Exhibit A [hereinafter "Arco Decl."]. Although it started out small, the Brands' websites now host approximately 15 million visitors each month. *Id.* at ¶ 15. Unfortunately, this success also brings piracy on a massive scale, which causes tremendous damage. *Id.* at ¶¶ 27, 29. To continue providing value for its subscribers, exciting and inspiring projects for performers, and top-paying jobs and growth in the adult entertainment community, Plaintiff must protect its copyrights. *Id.* at ¶¶ 19, 40.

Plaintiff used its proprietary forensic software, VXN Scan and the Cross Reference Tool, to monitor and detect infringement in this matter. Specifically, that Defendant John Doe subscriber assigned IP address 100.37.254.205 ("Doe") was illegally downloading and distributing 39 of Plaintiff's motion pictures over a substantial time period. *See* Arco Decl. at ¶¶ 41–89; Declaration of Patrick Paige, attached hereto as Exhibit B [hereinafter "Paige Decl."], at ¶¶ 13–28; D.E. 1, 1-1. BitTorrent use is anonymous (revealing only the infringer's IP address), and Congress has prohibited Internet Service Providers ("ISPs") from disclosing an IP address subscriber's information absent a court order. *See Cable Communications Policy Act of 1984* ("CCPA"), 47 U.S.C. § 551 *et seq.* Accordingly, Plaintiff now seeks leave to serve limited

1

discovery on Doe's ISP, Verizon Online LLC ("Verizon Fios"), in the form of a Rule 45 subpoena seeking only the name and address of the subscriber assigned this IP address during a time of recorded infringement.

This information is necessary, relevant, and proportional to the needs of this case. Without leave to conduct early discovery to obtain Doe's identity, Plaintiff cannot investigate Doe's role in the infringement (including whether other individuals exist with sufficient access to the IP address during the period of infringement and, thus, might plausibly either be the "true" infringer, or additional infringers), amend its pleading to further identify the infringer (beyond his or her association with the IP address), and serve that person with process. In short, without this subpoena, Plaintiff cannot protect its copyrights.

## II.   LEGAL ARGUMENT

### A.   Standard Governing Expedited Discovery Requests To Identify An Anonymous Defendant.

"In cases involving as-yet-unknown defendants, in which the plaintiff cannot serve its complaint—much less confer with the defendant—without obtaining identifying information from a third party, 'the *only* potential avenue for discovery is a court order under Rule 26(d)(1).'" *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C. Cir. 2020) (internal brackets and citations omitted) (emphasis added), *rev'g*, 351 F. Supp. 3d 160 (D.D.C. 2018) (Lamberth, J.); *see also Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012). Indeed, the Second Circuit has recognized "that situations arise in which the identity of alleged defendants may not be known prior to the filing of a complaint," and that "[i]n such situations, 'the plaintiff should be given an opportunity through discovery to identify the unknown defendants.'" *In re Murphy*, 482 Fed. Appx. 624, 627 (2d Cir. 2012) (quoting *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997)). This is just such a case.

Although BitTorrent infringement suits "fit[] squarely within the tradition of copyright enforcement," *Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1041 (9th Cir. 2018), the anonymity afforded by the BitTorrent protocol (revealing only the user's IP address), along with the qualified privacy interest for subscriber data created by the CCPA, presents a unique technological obstacle. The only lawful way Plaintiff (and all other copyright holders) have of directly combating mass infringement is to discover the name of the person assigned the IP address being used to commit the infringement, *id.* at 1036, and then determine whether it can further identify that person (or someone else) as the infringer. *Cobbler Nevada LLC v. Gonzalez*, 901 F.3d 1142, 1147 (9th Cir. 2018); *see Strike 3 Holdings, LLC v. Doe*, No. 18-2637, 2019 WL 935390, at *4 (E.D. Cal. Feb. 26, 2019) ("*Cobbler*[] did not disturb the Ninth Circuit's decision in *Glacier Films*[.]"). Rightsholders can only do that by obtaining court authorization to serve a subpoena on the ISP to identify the subscriber, 47 U.S.C. § 551, *et seq.*, which first requires that suit be filed naming the subscriber as the placeholder defendant. *See Malibu Media, LLC v. Doe*, No. 13-365, 2014 WL 7188822, at *6–9 (D. Md. Dec. 16, 2014) (Grimm, J.). As a result, courts across the country have adopted "sensible" and "practical" procedures to permit limited "early discovery" of a subscriber's identity so that these suits may either advance or be promptly dismissed. *Glacier Films*, 896 F.3d at 1036, 1038, 1040.

The Second Circuit has recognized that litigants have a "substantial right" to "be afforded a meaningful opportunity to establish the facts necessary to support [their] claim." *In re 650 Fifth Ave. & Related Properties*, 934 F.3d 147, 157 (2d Cir. 2019) (quoting *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008)); *Long Island Lighting Co. v. Barbash*, 779 F.2d 793, 795 (2d Cir. 1985); *Apicella v. McNeil Labs., Inc.*, 66 F.R.D. 78, 82 (E.D.N.Y. 1975) ("The right of litigants to discover and present relevant evidence in civil litigations is given great

weight in federal courts."). And it is beyond dispute that, pursuant to Rule 26, the identity of the subscriber is "unquestionably" relevant and proportional to the needs of this case.[1] *See Malibu Media, LLC v. Doe*, No. 15-3147, 2016 WL 5478433, at *4 (S.D.N.Y. Sept. 29, 2016); *see also Strike 3 Holdings, LLC v. Doe*, No. 18-2648, 2019 WL 78987, at *3 (S.D.N.Y. Jan. 2, 2019).

Thus, the only question is whether this limited discovery should be provided on an expedited basis. In the Second Circuit, "courts assess applications for expedited discovery prior to a Rule 26(f) conference under a 'flexible standard of reasonableness and good cause,'" and typically utilize the five-factor test adopted in *Arista Records LLC v. Doe*, 604 F.3d 110 (2d Cir. 2010) when "assessing a plaintiff's initial *ex parte* motion for a Rule 45 subpoena." *Strike 3 Holdings, LLC v. Doe*, No. 19-945, 2019 WL 4752094, at *1, *2 n.1 (E.D.N.Y. Sept. 30, 2019) (citation omitted); *UN4 Prods., Inc. v. Doe*, No. 17-3278, 2017 WL 2589328, at *1 (E.D.N.Y. June 14, 2017) (collecting cases). Those factors are:

> (1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, . . . (2) [the] specificity of the discovery request, . . . (3) the absence of alternative means to obtain the subpoenaed information, . . . (4) [the] need for the subpoenaed information to advance the claim, . . . and (5) the [objecting] party's expectation of privacy.

*Arista*, 604 F.3d at 119 (quoting *Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564–65 (S.D.N.Y. 2004) (Chin, J.)). Importantly, while the "good cause" requirement itself was eliminated from Rule 26 by amendment in 2015 and replaced "with the overarching relevance and proportionality standard," *Strike 3*, 964 F.3d at 1207 n.2, *Arista*'s "good cause" factors remain useful to confirm what "[c]ommon sense dictates," namely, that this relevant and proportional "discovery should be provided in an expedited fashion." *Strike 3 Holdings, LLC v.*

---

[1] This conclusion holds true even if it eventually proves that someone else in the household is the infringer, since the subscriber clearly is—at the very least—an "individual likely to have discoverable information." Fed. R. Civ. P. 26(a)(1)(A)(i).

4

*Doe*, No. 18-12585, 2020 WL 3567282, at *8 (D.N.J. June 30, 2020); *see Strike 3 Holdings, LLC v. Doe*, No. 20-5123, 2020 WL 6342770, at *1 n.1 (E.D. Pa. Oct. 29, 2020). Indeed, courts that have looked past the *Arista* factors when examining applications for early discovery often find that those additional factors weigh in favor of granting the requested relief. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 20-4501, 2021 WL 535218, at *2–4 (E.D.N.Y. Feb. 12, 2021) (Scanlon, J.); *Strike 3 Holdings, LLC v. Doe*, No. 19-5818, 2019 WL 5459693, at *2 (S.D.N.Y. Oct. 9, 2019).

Plaintiff's application satisfies Rule 26's requirements of relevance and proportionality as well as the *Arista* test and, therefore, Plaintiff should be granted a meaningful opportunity to establish the facts necessary to support its claim against the currently-anonymous defendant.

### 1. Plaintiff States A *Prima Facie* Claim of Copyright Infringement.

To state a *prima facie* claim for copyright infringement of Plaintiff's motion pictures (hereinafter the "Works"), *see* D.E. 1-1, Plaintiff must allege (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Sohm v. Scholastic Inc.*, 959 F.3d 39, 48 (2d Cir. 2020). The Complaint accomplishes this, alleging: (1) "Plaintiff is the owner of the Works, which [are each] an original work of authorship"; (2) "Plaintiff owns the copyrights to the Works and the Works have been registered with the United States Copyright Office"; (3) "[d]efendant copied and distributed the constituent elements of Plaintiff's Works using the BitTorrent protocol"; and (4) "[a]t no point in time did Plaintiff authorize, permit or consent to Defendant's distribution of its Works, expressly or otherwise." *See* D.E. 1 at ¶¶ 49, 52–54.

These allegations "quite clearly" and "unmistakably" allege the necessary elements of copyright infringement against Doe. *Strike 3*, 2020 WL 3567282 at *5–6. Moreover, there is

5

nothing "conclusory" about these allegations. Rather, Plaintiff specifically alleges all the necessary facts of its claim: the "who" (the subscriber), the "what" (copyright infringement of specific works produced by Plaintiff), the "where" (established by geo-location technology), the "when" (recorded down to the day, hour, minute, and second), and the "how" (through the BitTorrent protocol). D.E. 1, 1-1; *see Canales v. ACP Facility Servs., Inc.*, No. 17-6937, 2019 WL 1171479, at *4 (E.D.N.Y. Mar. 13, 2019); *Comfort Inn Oceanside v. Hertz Corp.*, No. 11-1534, 2011 WL 5238658, at *6 (E.D.N.Y. Nov. 1, 2011). That Plaintiff cannot—without early discovery—identify Doe by name is irrelevant. *See Davis v. Kelly*, 160 F.3d 917, 921 (2d Cir. 1998); *Valentin*, 121 F.3d at 75; *Watson v. City of Kingston*, No. 15-1356, 2016 WL 11605147, at *4 (N.D.N.Y. Dec. 27, 2016) ("In general, a plaintiff may proceed against a 'John Doe' placeholder defendant, so long as he replaces the John Doe with a named party within the applicable statute of limitations period.") (citing *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 468–70 (2d Cir. 1995)).

Plaintiff owns a valid copyright in each of the Works. *See* 17 U.S.C. § 410(c); *see also* D.E. 1 ¶¶ 46, 49. All of Plaintiff's copyrights were registered with the Copyright Office at the time suit was filed. *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 299 (2019); *see* D.E. 1-1. Moreover, Plaintiff's *prima facie* allegations of infringement are attested to by Plaintiff's investigator, Patrick Paige. *See* Paige Decl., Ex. B. And each digital file has been verified to be a copy of one of Plaintiff's copyrighted Works. *See* Declaration of Susan B. Stalzer, Exhibit C [hereinafter "Stalzer Decl."].

Plaintiff has also made a plausible *prima facie* showing of "copying" by Doe. "The word 'copying' is shorthand for the infringing of any of the copyright owner's five exclusive rights' described in [17 U.S.C.] § 106." *Arista*, 604 F.3d at 117 (quoting *A&M Records, Inc. v. Napster,*

*Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001)). Plaintiff alleges that Doe not only downloaded Plaintiff's Works over the BitTorrent network, 17 U.S.C. § 106(1), but also distributed those Works to other users in the BitTorrent swarm. *Id.* at § 106(3); *see* D.E. 1 at ¶¶ 4, 47.

"Plaintiff has made a concrete, *prima facie* case of copyright infringement by . . . alleging unlawful downloading, copying, and distribution of this work by specifying the type of technology used, the IP address from which the file was accessed and shared, and the date and time of the infringement." *Malibu Media, LLC v. Doe*, No. 14-4808, 2016 WL 4574677, at *6 (E.D.N.Y. Sept. 1, 2016). "Because Plaintiff has sufficiently stated a viable claim of copyright infringement against the identified IP address[] and its placeholder-defendant subscriber[], Plaintiff should be provided with discovery to further assist it in identifying the underlying wrongdoer." *Strike 3*, 2020 WL 3567282 at *7.

### 2. Plaintiff's Discovery Request is for Specific Information.

The "specificity" required by this factor refers to "[the] specificity of the *discovery request*." *Arista*, 604 F.3d at 119 (emphasis added). To satisfy this element a plaintiff must seek "concrete and narrow information: the name and address of the subscriber associated" with the IP address being used to commit the alleged infringement. *John Wiley & Sons, Inc. v. Doe Nos. 1-30,* 284 F.R.D. 185, 190 (S.D.N.Y. 2012). "Courts have labeled the subscriber's identity and address as 'highly specific'" in these cases. *Malibu Media, LLC v. Doe*, No. 18-766, 2018 WL 2386068, at *3 (D. Conn. May 25, 2018) (citation omitted). This factor is met because "Strike 3 seeks only the true name and permanent address of John Doe . . . [and] is not asking for more information than is necessary to identify and serve the Defendant." *Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518, 521 (S.D.N.Y. 2019); *see also Strike 3*, 2020 WL 3567282 at *8.

### 3. There Are No "Alternative Means" to Uncover Doe's True Identity.

"BitTorrent software is 'largely anonymous' except insofar as it requires a user to broadcast the user's IP address," *John Wiley & Sons, Inc.*, 284 F.R.D. at 190, and, therefore, "Plaintiff can identify Defendant only through his IP address[.]" *Strike 3*, 2019 WL 78987 at *1; *see also BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 299 (4th Cir. 2018) ("[O]nly the ISP can match the IP address to the subscriber's identity[.]"). Indeed, "BitTorrent's appeal to users is the large degree of anonymity it provides," and "[a]bsent a Court-ordered subpoena, many of the ISPs, who qualify as 'cable operators' for purposes of 47 U.S.C. § 522(5), are effectively prohibited by 47 U.S.C. § 551(c) from disclosing the identities of [the defendants] to Plaintiff." *Strike 3 Holdings, LLC v. Doe*, No. 18-569, 2018 WL 4109394, at *2 (W.D.N.Y. Aug. 28, 2018) (citations and internal quotation marks omitted); *UN4 Prods.*, 2017 WL 2589328 at *3; *see also Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 352–53 (D.D.C. 2011). By virtue of the architecture of the internet, and the qualified privacy interest created by the CCPA, there is simply no alternative means for Plaintiff to identify Doe other than a court-ordered subpoena.[2] *See* 47 U.S.C. § 551(c); *Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165, 171–72 (S.D.N.Y. 2012).

---

[2] In an effort to conserve judicial resources, Plaintiff has previously filed a number of pure bill of discovery actions in Florida alongside its federal suits to obtain information to identify infringers. The bill of discovery is an equitable cause of action that permits discovery independent of the prospective claim for relief, enabling Plaintiff to determine whether it can identify the infringer (beyond merely being the subscriber), while simultaneously affording the court oversight required by the CCPA. Although state courts may issue the court order required by the CCPA, Doe's ISP has nevertheless indicated that it will only comply with a subpoena issued by a federal court. And, regardless of whether the subpoena is authorized by a state court in Florida, or this Court, the fact remains: a court-authorized subpoena to the ISP is the only method available for Plaintiff to learn a subscriber's identity. *See* 47 U.S.C. § 551(c).

8

### 4. There is a Central Need for the Subpoenaed Information.

The need for this information cannot be overstated. Plaintiff cannot properly serve Doe—or even confirm whether Doe or someone else is an appropriate or additional defendant—without first obtaining the subscriber's identity from his or her ISP. "Ascertaining the identities and residences of the Doe defendants is critical to plaintiffs' ability to pursue litigation, for without this information, plaintiffs will be unable to serve process." *Sony Music Entm't, Inc.*, 326 F. Supp. 2d at 566; *UN4 Prods.*, 2017 WL 2589328 at *3; *Malibu Media, LLC v. Doe*, No. 15-3504, 2016 WL 4444799, at *11 (E.D.N.Y. Aug. 23, 2016). Moreover, "[o]nce in possession of Defendant's name and address, Plaintiff can investigate and confirm it has a good faith basis for believing it has found the infringing party." *Strike 3 Holdings, LLC v. Doe*, No. 19-02552, 2019 WL 4855039, at *2 (S.D.N.Y. Oct. 2, 2019). Thus, without receiving Doe's identity—to complete its investigation and, if appropriate, to amend its complaint and serve process—Plaintiff cannot proceed with its lawsuit to protect its copyrights. "[T]he protections provided to these copyright holders by the Copyright Act would evaporate, unless copyright holders are permitted to engage in this discovery." *W. Coast Prods., Inc. v. Does 1-1,434*, No. 11-55, 2012 WL 10132002, at *4 (D.D.C. Aug. 6, 2012). "Plaintiff must be able to enforce its rights[.]" *Strike 3 Holdings, LLC v. Doe*, No. 18-16593, 2019 WL 4745360, at *6 (D.N.J. Sept. 30, 2019).

### 5. Doe's Minimal Privacy Interest Is Substantially Outweighed by Plaintiff's Interest in Protecting Its Copyrights.

Finally, Doe's privacy interest is minimal and outweighed by Plaintiff's interest in protecting its copyrights. Although the CCPA recognizes that subscribers have a privacy interest in not having their identities publicly disclosed, the Act expressly recognizes it is a qualified interest and specifically provides that courts can order that identifying information be disclosed. *See* 47 U.S.C. § 551(c); *Strike 3 Holdings, LLC v. Doe*, 330 F.R.D. 552, 555 (D. Minn. 2019)

(reversing magistrate judge's decision that privacy concerns required denial of request to serve subpoena prior to a Rule 26(f) conference); *see also CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) ("There is no privilege or restriction on releasing customer records to a nongovernmental entity pursuant to a court order") (citing 47 U.S.C. § 551(c)(2)(B)). Here, "Plaintiff's interest in learning Defendant's name and address outweighs Defendant's privacy interest," *Strike 3 Holdings, LLC v. Doe*, No. 18-01490, 2019 WL 5084520, at *2 (W.D.N.Y. Jan. 28, 2019); *UN4 Prods.*, 2017 WL 2589328 at *3, which may be protected by the entry of a "limited protective order" that "balances the Plaintiff's right to pursue its claims and the concomitant right of access to court proceedings enjoyed by the public with . . . legitimate privacy interests" of Doe. *Strike 3*, 2020 WL 3567282 at *11.

### 6. Plaintiff's Diligence, the Proportionality of the Request, and the Timing of this Motion Weigh in Favor of Granting Early Discovery

This Court recently recognized that "in certain circumstances" courts may need to expand the *Arista* inquiry and consider other non-exclusive factors, such as "the proportionality of the discovery request, the timing of the motion, or the diligence of the party requesting the discovery." *Strike 3*, 2021 WL 535218 at *2. All these additional factors weigh in favor of granting early discovery here.

This limited discovery request is proportional to the needs of the case because, as discussed in more detail above, Plaintiff cannot identify and make Doe a party to this action and enforce its copyrights without this discovery, only Defendant and his or her ISP have access to the information, and the limited subpoena will impose little burden on the ISP (and no burden on Defendant). *See Malibu Media*, 2016 WL 4444799 at *5–6; *Malibu Media, LLC v. Doe*, No. 12-2950, 2012 WL 5987854, at *2 (S.D.N.Y. Nov. 30, 2012). Plaintiff filed this motion shortly after initiating this matter so that it could obtain the evidence necessary to determine whether to

10

advance (or dismiss) the claim promptly. And Plaintiff used diligence to identify Verizon Fios as the ISP that owned and assigned the IP address used at the time of the infringements, Stalzer Decl. ¶ 12, which occurred on multiple occasions over a long period of time. ECF No. 1-1.

### B.   Protective Order

Plaintiff's proposed order includes the protective provisions and notice that this Court previously provided when granting early discovery in a similar matter, and Plaintiff respectfully encourages that the Court similarly establish such procedure here, should the Court find it appropriate.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant leave to Plaintiff to issue a Rule 45 subpoena to Doe's ISP.

Date: 03/11/2025                              Respectfully submitted,

By:  */s/ John C. Atkin*
John C. Atkin, Esq.
JAtkin@atkinfirm.com
400 Rella Blvd., Suite 165
Suffern, NY 10901
Tel.: (973) 314-8010 / Fax: (833) 693-1201
*Attorneys for Plaintiff*